Norman **MAILER**, Plaintiff,

v.

Maurice **ZOLOTOW**, Defendant.

No. 73 Civ. 3619 HRT.

United States District Court,
S. D. New York.

July 16, 1974.

Rembar, Wolf & Curtis, New York City, for plaintiff.

Seits & Shapiro, New York City, for defendant.

## OPINION

TYLER, District Judge.

This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Defendant Zolotow has moved to dismiss the complaint pursuant to Rule 12(b), F.R.Civ.P., on the grounds that: (1) the complaint fails to set forth the existence of an actual controversy between plaintiff and defendant of which this court has jurisdiction to grant declaratory relief; (2) the existence of a prior pending action in the United States District Court for the Central District of California[1] requires dismissal of this action or consolidation with the California action; (3) the complaint fails to state a claim upon which relief can be granted; and (4) the court lacks jurisdiction over the subject matter.

Suits for declaratory judgments are not uncommon in the area of patents and copyrights. If a defendant has threatened plaintiff with suit, a justiciable controversy is ordinarily present. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F.2d 876 (2d Cir. 1952). Indeed, a justiciable controversy exists even where there has been no actual threat of suit, so long as defendant has notified plaintiff that defendant claims his copyright has been infringed. Smith-Corona Marchant Inc. v. American Photocopy Equipment Co., 214 F. Supp. 348 (S.D.N.Y.1962).

The present case raises the anomalous situation of a broad threat of a "puffing" nature published in a Hollywood newspaper, followed by the commencement of a suit based on issues structured more narrowly than the threat. Accordingly, plaintiff herein has brought a suit for declaratory judgment, asserting that this "unconsummated" threat retains its vitality—i. e. that there is a residuum of an actual controversy of sufficient immediacy to warrant a declaratory judgment of the respective legal rights of the parties.

The parties are generally in agreement concerning the background facts. Zolotow is the author of a book entitled *Marilyn Monroe*, which was published by Harcourt, Brace, Jovanovich, Inc. ("Harcourt") in 1960. Mailer is the author of the book entitled *Marilyn*, which was published by Grosset & Dunlap, Inc. ("Grosset") in 1973. Mailer requested, through his publisher Grosset, permission to incorporate in his book, with proper attribution to Zolotow, 3,500 words from the latter's book. That permission was granted pursuant to a written contract between Harcourt and Grosset executed on or about May 11, 1973. Mailer extended the preface into a book-length work quoting and commenting on earlier materials concerning Ms. Monroe, including two biographies by Fred Guiles and Zolotow.

Shortly before the publication of the book *Marilyn*, an article by Will Tusher appeared in *The Hollywood Reporter* of July 3, 1973, setting forth certain charges against the plaintiff by the defendant. The article was headlined, "War of Marilyn Bios Erupts Again; Zolotow Suing Mailer." As its title indicates, the article concerned a lawsuit that Zolotow was preparing against Mailer on the basis of claims of "plagia-

[1]. The suit filed in that district (hereinafter the "California action") is styled Zolotow v. Mailer and Grosset & Dunlap, 73–1801–AAH.

rism and professional slander." Zolotow was quoted as saying that Mailer's book is one of the "literary heists of the century." In pertinent part, the article continued:

"Zolotow says his lawyer, John Stockdale, will prepare papers Monday as soon as he returns from Canada. Zolotow plans to seek punitive damages not only to his reputation generally, but to claim injury to the potential on his forthcoming Simon & Schuster book on John Wayne, "Shooting Star." Specific complaints will include unauthorized use of copyright material and slanderous attack on his professional integrity, Zolotow deposes."

The article also discussed the nature of the claims against Mailer. In the article, Zolotow was said to have asserted that the accusations made by Mailer in his book "go[es] to the heart of [Zolotow's] professional integrity . . . and he has no intention, therefore, of remaining a silent victim."

■ On August 3, 1973, Zolotow filed the California suit, asserting claims for libel, invasion of privacy, interference with contractual relationships, and intentional and negligent infliction of emotional distress. The California complaint does not include a claim of unauthorized use of copyright material. Paragraph XI of the complaint, however, does make an inartful reference to a possible infringement claim; it alleges:

"That by discrediting plaintiff and his book, defendants hoped to enhance the sales of their own book and to hide the unauthorized borrowing from plaintiff's book."

Nevertheless, Mailer now brings this suit for a declaratory judgment on the ground that Zolotow has publicly threatened to sue plaintiff for copyright infringement. Because the present complaint under the existing circumstances does not aver facts that present a real controversy of such immediacy and reality as to warrant a declaratory judgment, Zolotow's motion to dismiss is granted.

■ As required by the Constitution, the Declaratory Judgment Act is limited to cases that present an "actual" controversy. Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Necessarily, the difference between an abstract question and an actual controversy is one of degree. The present case, however, provides an example of a question that is sufficiently contingent and speculative that this court must necessarily decline to exercise jurisdiction.

The proximity of the filing date of the California complaint to the *Hollywood Reporter* article compels the conclusion that the California complaint is the only action that was threatened. Therefore, once that suit was filed, there is no longer existed an unconsummated threat by Zolotow of a coercive action. The impending threat of a coercive action was removed by the filing of the California complaint which had the effect of merging into one suit any overhanging threat or possibility of liability. Any contingent threat became moot upon the filing of the California action alleging claims similar in nature to those charged in the article.

The threats made by Zolotow to sue Mailer were made prior to the filing of the California action. No threats concerning additional litigation were made following that lawsuit, and this court is advised by Zolotow in his affidavit that he had no intention of commencing any other litigation apart from the California suit.

■ Moreover, a retraction and apology were issued by defendant, albeit in the autumn of 1973 following the commencement of this action. A retraction, to be sure, is not by itself proof positive that a controversy has been extinguished. Nonetheless, it is another factor to be weighed in assessing whether an actual controversy exists. It is not enough that there may have been a controversy when the action was commenced if subsequent events have put an

end to the controversy. C. Wright & A. Miller, 10 Federal Practice and Procedure § 2757 at 766–67 (1973 ed.).

Finally, the existence and nature of the California suit are factors in leading this court to decline to exercise its discretion in granting a declaratory judgment to plaintiff in this case. Although pendency of another suit will not necessarily defeat jurisdiction in every situation, I conclude that the pendency of the California action, coupled with the opportunity therein for Mailer to interpose a counterclaim, militates against the exercise of jurisdiction in this case. J. Moore, 6A Federal Practice ¶ 57.08 [6.–1] at 57–53 (1974 ed.). The Declaratory Judgment Act was not intended to be an instrument of "procedural fencing", either to secure delay or to select a forum. American Automobile Insurance Co. v. Freundt, 103 F.2d 613, 617 (7th Cir. 1939); J. Moore, 6A Federal Practice ¶ 57.08[5] at 57–50 (1974 ed.).

Accordingly, because the complaint fails to set forth the existence of a genuine, present controversy between the parties, defendant's motion to dismiss the complaint is granted.

It is so ordered.