**PHILIPP BROTHERS, INC., Plaintiff,**

v.

**Louis SCHOEN, Defendant.**

**No. 86 Civ. 1781 (CBM).**

United States District Court,
S.D. New York.

April 20, 1987.

---

Summit Rovins & Feldesman, by Melvin D. Kraft, P.C., New York City, for plaintiff.

Certilman, Haft, Lebow & Balin, by Marc E. Rohatiner, New York City, for defendant.

## OPINION

MOTLEY, District Judge.

Defendant, Louis Schoen, moves pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing this action for lack of personal jurisdiction, or, in the alternative, transferring the action pursuant to 28 U.S.C. Sec. 1404(a) to the United States District Court for the Central District of California. For the reasons stated below, while this court has jurisdiction over defendant, it transfers the action to the court in California.

## BACKGROUND

Plaintiff, Philipp Brothers, Inc., is a New York corporation engaged in trading metals and other commodities. Defendant, Schoen, a California resident, began his employment with plaintiff in New York in 1954. Defendant moved to plaintiff's office in Pittsburgh in 1962 and then moved to its Australian office.

In 1969, he was appointed to head plaintiff's Los Angeles office, where he continued his employment until it was terminated in 1985. In that year, plaintiff closed its branch office in Los Angeles and either terminated the employment of its staff there or relocated them to other positions in the Los Angeles branch of Solomon

Brothers, Inc., the investment banking arm of plaintiff's parent company, Solomon, Inc.

Plaintiff and defendant engaged in communication with each other, including an exchange of letters, about the termination of defendant's employment between December of 1985 and February of 1986. In these communications, defendant complained of unfair treatment and threatened legal action. On February 28, 1986, shortly after defendant's threat of legal action, plaintiff filed a lawsuit against defendant in this court alleging, *inter alia,* self-dealing on defendant's part and breach of both fiduciary duties and employment obligations.

On March 21, 1986, defendant filed an action against plaintiff in the Central District of California alleging breach of oral contract, wrongful termination, breach of the covenant of good faith and fair dealing, negligent and intentional infliction of emotional distress, and negligent and intentional misrepresentation.

## DISCUSSION

### I. Personal Jurisdiction

■ Plaintiff asserts jurisdiction under New York CPLR Sec. 302(a)(1). The statute provides:

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state.

Accordingly, to invoke jurisdiction under section 302(a)(1), plaintiff must demonstrate that defendant transacted business within New York State, and that that business had some nexus with this cause of action. *Wichita Federal Savings & Loan v. Comark,* 586 F.Supp. 940, 943 (S.D.N.Y. 1984).

■ Since an evidentiary hearing has not been conducted on the issue of personal jurisdiction, plaintiff need make only a *pri-ma facie* showing that this court has jurisdiction over the defendant. *Marine Midland Bank v. Miller,* 664 F.2d 899, 904 (2d Cir.1981). It has clearly met this burden.

■ Plaintiff alleges that throughout the course of defendant's employment he attended meetings at plaintiff's headquarters to negotiate salary and bonus increases and receive guidance and information concerning the conduct of his job. From the fall of 1984 through the fall of 1985, defendant attended a series of meetings at plaintiff's headquarters in New York to negotiate the terms of his departure from plaintiff's employ. During these New York meetings, plaintiff and defendant discussed computation of defendant's severance package and bonus payments, the time at which defendant would be free to work for his own company, which contracts defendant would or would not take over and why, whether defendant would continue to work for plaintiff as an agent for certain commodities, and which contacts defendant would introduce to plaintiffs. Plaintiff does not merely allege these contacts with New York, but substantiates these allegations by reference to deposition testimony given by defendant.

There is a clear nexus between these activities and plaintiff's cause of action. The sum of these activities is sufficient to render defendant liable to suit under the New York long-arm statute. *See Reiner & Co. v. Schwartz,* 41 N.Y.2d 648, 654, 394 N.Y.S.2d 844, 847, 363 N.E.2d 551, 554 (Ct.App.1977); *Lovebright Diamonds Co. v. Spragins,* 574 F.Supp. 76, 79 (S.D.N.Y. 1983). In addition, since defendant has purposefully availed himself of the privilege of conducting these activities in this forum, assertion of jurisdiction over defendent in New York comports with the requirements of constitutional due process. *See Reiner & Co. v. Schwartz,* 41 N.Y.2d at 654, 394 N.Y.S.2d at 847; *Lovebright Diamonds Co. v. Spragins,* 574 F.Supp. at 79.

### II. Transfer

Defendant Schoen moves in the alternative for an order transferring this action

pursuant to 28 U.S.C. § 1404(a) to the Central District of California, where he has instituted his action against plaintiff. Both the instant case and the California case arise from the same set of facts, and it would be best if the two could be tried together.

Section 1404(a) provides that a district court has discretion to transfer any civil action for the convenience of parties and witnesses, and "in the interest of justice" to a district where the dispute might have been brought. 28 U.S.C. § 1404(a). It is uncontested that this action could have been brought in the Central District of California.

■ In considering a motion to transfer, a court should weigh a variety of factors, including convenience of the parties, convenience of the witnesses, availability of process to compel the presence of unwilling witnesses, relative access to sources of proof, the place where the material events occurred, plaintiff's choice of forum, and the interests of justice. *Matra et Manurhin v. International Armament Co.*, 628 F.Supp. 1532, 1535 (S.D.N.Y.1986); *Teachers Insurance and Annuity Association of America v. Butler*, 592 F.Supp. 1097, 1105 (S.D.N.Y.1984). Defendant bears the burden of establishing that there should be a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978).

■ Defendant contends that the Central District of California should be the forum for this suit because the sources of proof are located there, defendant would not be able to compel non-party witnesses to come from California to New York, and plaintiff's choice of forum in New York was part of an attempt to harass the defendant.

Plaintiff contends in opposition that its choice of forum should not be disturbed. It argues that most material and non-party witnesses for both sides reside in New York, plaintiff's witnesses would be inconvenienced by trial in California, personnel and accounting records are located in New York, and finally that it chose New York as its forum because its headquarters are in

New York and not in an attempt to harass defendant.

The first factor, convenience to the parties, weighs in favor of the defendant and transfer. As an individual residing in California, it will no doubt be inconvenient and difficult for defendant to defend this action in New York. On the other, plaintiff is owned by Solomon, Inc., a large corporation with offices in California. Although plaintiff's headquarters is in New York, it should have little trouble prosecuting its claim in California.

Assessment of the second factor, the convenience of witnesses, is more complicated. Plaintiff contends that the primary witnesses in its action live in New York. This would appear to be true of witnesses that could testify to the nature of defendant's obligations to plaintiff as an employee, since defendant's supervisors were located primarily in plaintiff's New York office.

However, the conduct that forms the underlying basis of plaintiff's complaint appears to have occurred primarily in California. For example, plaintiff complains that defendant formed his own California company ("Calport") while still in plaintiff's employ. Plaintiff contends further that he used his position with plaintiff to interfere with the pricing of commodities under existing contracts between plaintiff and third parties, namely Kaiser Aluminum and Chemical Corp. and Resources Minerals Industrielles S.A. Consequently, plaintiff asserts that defendant engaged in self-dealing with respect to those contracts for his own and Calport's benefit. Plaintiff also claims in this action that defendant failed to account properly for monies advanced and distributed by plaintiff. Many of the witnesses who could testify to these alleged wrongdoings—or the absence thereof—and to the operation of the Los Angeles office would be located in California. The issue of what wrongful conduct defendant actually undertook seems most likely to be the central issue at trial. Thus this factor also weighs in defendant's favor.

This conclusion is made stronger when the problem of compelling witnesses to ap-

pear is taken into account. Presumably, many witnesses in this action will be plaintiff's employees. Although the California court might not be able to compel witnesses who live in New York to appear before it, this should not be a problem for plaintiff in many cases, since plaintiff could simply tell its employees to make the trip. On the other hand, defendant will not be able to compel witnesses who live in California to appear in a New York action.

Plaintiff asserts further that relevant evidence in this case is located in New York. However, this evidence would consist primarily of records and accounts that probably would not be difficult to transport. In addition, whatever documentation that defendant might possess and wish to introduce would be located in California. While this factor probably favors plaintiff, it should not be accorded much weight, since the evidence in this case is easily transportable.

Finally, it is true, as plaintiff points out, that its choice of forum should not be disturbed absent a clear showing by defendant that the balance of convenience and justice weighs in favor of transfer. *See Watsco, Inc. v. Henry Valve Co.,* 232 F.Supp. 38 (S.D.N.Y.1964); *United States v. General Motors Corp.,* 183 F.Supp. 858 (S.D.N.Y.1960). In addition, plaintiff filed its suit here before defendant filed his suit in California. The general rule in this Circuit is that the first suit filed should be given priority absent a showing that factors of convenience or justice balance in favor of the second action. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d at 218.

However, this court cannot help finding curious the fact that plaintiff instituted this suit against defendant immediately after it was informed of defendant's intention to bring the California action. Plaintiff had never before expressed an intention to bring such a suit during its 30 year, presumably productive, relationship with defendant. Even if not brought for harassment purposes, as defendant suggests, the institution of this action smacks of a "race to the courthouse." See *Id.* at 219 (*quoting Perez v. Ledesma,* 401 U.S. 82, 119 n.

12, 91 S.Ct. 674, 694, 27 L.Ed.2d 701 (1971) (Brennan, J. dissenting)). The fact that the filing of a suit appears to have been triggered by notice of intention to file a suit dealing with the same facts elsewhere may be taken into account as an equitable consideration in assessing a motion to transfer. *See Id.*

Thus, balancing both questions of convenience and the "interest of justice," this court finds defendant has sustained his burden of showing that this action should be transferred.

## CONCLUSION

While this court may assert personal jurisdiction over defendant in New York, the court exercises its discretion to transfer this action to the Central District of California.