**4**

Edwin C. STOKES and Eleanor K. Stokes, Plaintiffs-Appellants,

v.

VILLAGE OF WURTSBORO; Mayor Gary Greenwald, individually and as Mayor; Trustee Harold Thompson, individually and as Trustee; Trustee Patricia Moore/Reilly, individually and as Trustee; Village of Wurtsboro Village Attorney Stephen Oppenheim, Esq., individually and as Village Attorney; Village of Wurtsboro Building Department; Building Inspector Rockwell Mason, Defendants-Appellees.

No. 1008, Docket 86–9078.

United States Court of Appeals, Second Circuit.

Submitted April 2, 1987.

Decided May 8, 1987.

Edwin C. Stokes, and Eleanor K. Stokes, pro se.

Bertram W. Eisenberg, Liberty, N.Y. (Appelbaum, Eisenberg, Bauman & Appelbaum, Liberty, N.Y., of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, TIMBERS, and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Appellants *pro se*, Edwin and Eleanor Stokes (the "Stokes"), appeal from the district court's order dismissing their complaint as moot. The Stokes filed this action on June 13, 1986 alleging that the Village of Wurtsboro (the "Village") and several of its municipal officers violated the Stokes's right to equal protection and due process under the United States Constitution. The Stokes sought a declaratory judgment pursuant to 28 U.S.C. § 2201 holding Village of Wurtsboro's Local Law 5–1983 unconstitutional and requested compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

The instant dispute dates back to 1975 and relates to the applicability of Village building ordinances to appellants' property located on Sullivan Street in the Village (the "Sullivan Street property"). Specifically, the Stokes challenge the constitutionality of Local Law 5–1983 and the Village's actions taken pursuant to the law. Local Law 5–1983 requires the municipality to terminate water service to any premises in the Village not in compliance with certain building code ordinances. The Stokes alleged that the law was "tailor made" to apply solely to the Sullivan Street property and that it was designed to coerce the Stokes into compliance with other building ordinances. Alternatively, the Stokes contended that the law is selectively enforced in the Village.

The Stokes alleged that the Village notified them on May 9, 1984 that water service to the Sullivan Street property would be terminated on May 19, 1984 pursuant to Local Law 5–1983. They claimed that they had been beneficial owners of the Sullivan Street property for several years prior to 1984 and became the owners of record on May 18, 1984. They further alleged that the Village terminated water service to the property on May 19, 1984. On or about May 21, 1984, the Stokes filed a state court action and obtained an order requiring the Village to reinstate water service and preventing the Village from terminating water service during the pendency of the state court action.

On November 12, 1986, the Village moved to dismiss the federal complaint on the grounds, *inter alia,* that it stated no case or controversy. At the hearing on the Village's motion to dismiss, the Village stipulated that it would not terminate water service to the Sullivan Street property except in the event of non-payment. Upon receiving this stipulation on the record, the district court held that the Stokes's suit was moot and accordingly dismissed the complaint.

The Stokes subsequently filed a motion for reargument in which they contended that their case was not moot since they had a viable claim for damages. At the hearing on this motion, Mr. Stokes presented a copy of the deed to the Sullivan Street property which established that the Stokes owned the property at the time the Village terminated water service. Paragraph 20 of the verified complaint alleged facts establishing the Stokes's ownership of the property at the time of the Village's actions. The district court nevertheless denied the Stokes's motion and again declared the case moot.

We affirm the district court's dismissal of the declaratory relief claim, but reverse the dismissal of the § 1983 damages claim.

## DISCUSSION

### A.  *Declaratory Relief Claim*

■ "The existence of an actual controversy in the constitutional sense is … necessary to sustain jurisdiction under the Declaratory Judgment Act." *Muller v. Olin Mathieson Chemical Corp.,* 404 F.2d 501, 504 (2d Cir.1968) (citations omitted). While the Stokes may have had a viable claim for declaratory relief at the time their suit was filed, the Village's stipulation mooted the declaratory relief claim because the Village, in effect, agreed not to apply Local Law 5–1983 to the Sullivan Street property. *See Mailer v. Zolotow,* 380 F.Supp. 894, 896–97 (S.D.N.Y.1974) ("It is not enough that there may have been a controversy when the action was commenced if subsequent events have put an end to the controversy.").

The Village, in this case, has not merely "ceased voluntarily" its allegedly unconstitutional conduct. *Cf. United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953) (where a defendant voluntarily ceases allegedly illegal conduct, case does not necessarily become moot). Rather, it has entered into a binding, judicially enforceable agreement not to terminate water service to the Sullivan Street property. The district court correctly concluded that any decision as to the constitutionality of Local Law 5–1983 would be academic since the relief sought by appellants has been obtained. Accordingly, we affirm the district court's dismissal of the claim for declaratory relief.

B. *Section 1983 claim*

■ As a preliminary matter, there was some confusion below as to whether the Stokes alleged sufficient facts to establish that they owned the property at the time the Village terminated the water service. In paragraph 20 of the verified complaint, the Stokes asserted that they filed the deed to the property on the day before water service was terminated. This assertion, standing alone, is sufficient to establish that the Stokes were the owners of the property and thus had standing to assert a claim for damages relating to the termination of service.

"Claims for damages or other monetary relief automatically avoid mootness, so long as the claim remains viable." 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3533.3 at 262 (1984 ed.); *see also Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 154 n. 3, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978) (mooted claim for injunctive relief did not moot claim for damages); *Ellis v. Blum*, 643 F.2d 68, 82–83 (2d Cir.1981) (mooted declaratory or injunctive relief cause of action does not necessarily moot damage claims).

■ The Village's stipulation, that it would not apply Local Law 5–1983 to the Sullivan Street property in the future, did not address and therefore does not preclude an action for damages allegedly sustained by the Stokes when water service was terminated. Thus, the section 1983 cause of action was not mooted when the Village entered into the stipulation.

■ Although the district court did not consider whether the complaint adequately stated a damages claim under section 1983, such an inquiry is appropriate herein. The Stokes alleged that the Village terminated water service to the Sullivan Street property in order to single out the Stokes and punish them for their noncompliance with certain building ordinances. Moreover, the Stokes alleged that the law is selectively enforced.

Since appellants are unrepresented before this court and were unrepresented in the district court, their pleadings are held to a less stringent standard than pleadings crafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). After reviewing the allegations in the complaint, we cannot say with assurance that appellants could prove no set of facts giving them a right to relief. *Id.* at 520–21, 92 S.Ct. at 596 (*quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The allegations in the complaint establish a colorable claim under section 1983: the Stokes alleged that they suffered damages when their constitutional rights were violated by municipal officials acting under color of state law.

The district court did not address the Stokes's damages claim on its merits, and, absent other evidence, neither can this court. We hold that the district court should not have dismissed appellants' section 1983 damages claim as moot.

CONCLUSION

We affirm the district court's dismissal of the declaratory relief claim, reverse the dismissal of the section 1983 claim, and remand this case to the district court for further proceedings consistent with this opinion.