**ALLEN–MYLAND, INC., Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

No. 88 Civ. 7553 (DNE).

United States District Court, S.D. New York.

June 20, 1989.

Schnader, Harrison, Segal & Lewis, New York City (Thomas Greene, M. Christine

Carty, Robert G. Levy and Berryl A. Speert, of counsel), for plaintiff.

Cravath, Swaine & Moore, New York City (Thomas D. Barr, Robert F. Mullen, Evan R. Chesler and Donato A. Evangelista, of counsel), for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge:

### BACKGROUND

In October, 1985 plaintiff Allen–Myland, Inc. ("AMI") instituted an action against IBM in the United States District Court for the Eastern District of Pennsylvania alleging violations of § 1 and § 2 of the Sherman Act and state law claims. *Allen–Myland, Inc. v. International Business Machines Corporation*, Civil Action No. 85–6166 (hereafter *"AMI v. IBM"*). In November, 1986 IBM asserted five counterclaims against AMI; IBM claimed that AMI's copying of 3090 microcode and of IBM's technical publications violated IBM's copyrights and that AMI's use of parts for IBM large scale mainframe computers violated IBM's contractual rights.

In response to these counterclaims, AMI asserted that its conduct was authorized by the final judgment in *United States of America v. International Business Machines Corporation*, Civil Action No. 72–344 (S.D.N.Y. January 25, 1956) (hereafter "Consent Decree") and that the Consent Decree provided a defense to IBM's counterclaims. After a trial was held in February, 1987, before the Honorable Thomas N. O'Neil, Jr. on the liability issue, the Court entered an Order in favor of IBM. Other claims, including IBM's counterclaims, were not tried.

On August 10, 1987, AMI filed a motion requesting leave to supplement its Complaint to add a claim for declaratory relief. At a September conference before Judge O'Neil in September, 1987 AMI suggested that in the interest of uniformity of interpretation, the Southern District of New York would be the proper forum for deciding issues relating to the Consent Decree. Judge O'Neil stayed all proceedings in *AMI v. IBM* in the Eastern District of Pennsylvania. Thereafter, AMI filed the instant action seeking a declaratory judgment that AMI's copying of microcode and publications is permitted by the Consent Decree.

On December 19, 1988, International Business Machines Corporation ("IBM"), defendant in this action, filed an affidavit that asked this Court to disqualify itself from further participation in the proceedings, pursuant to 28 U.S.C. sections 144, 455 and the fifth amendment of the United States Constitution. Simultaneously, IBM filed a motion to dismiss AMI's complaint. In an opinion filed April 6, 1989 this court denied IBM's request that this Court disqualify itself. 709 F.Supp. 491.

The defendant, through its counsel, made clear at the initial conference on December 9, 1989 that the motion to disqualify would be pursued in the Court of Appeals,[1] and in fact it was pursued in the form of a motion for a writ of mandamus. IBM argued before the Second Circuit that this court "[held] hostage" the motion to dismiss by refusing to rule on it. (IBM Petition for an Extraordinary Writ, p. 7). As this court noted in denying the disqualification motion, IBM has maintained the inconsistent positions of asking this court on the one hand to recuse itself on the grounds of bias and prejudice, and on the other hand asking it to rule on a dispositive motion. In deference to the defendants attempt to disqualify this court from hearing any case in which IBM is a party, the court viewed it prudent to refrain from issuing dispositive rulings until the disqualification issue was finally adjudicated. The court sought to give the defendant the opportunity to proceed with its application for disqualification and not to preempt any ruling by the Second Circuit. For these reasons, rather than any attempt at judicial "kidnapping", the ruling on the defendant's motion was held in abeyance. In light of the Second Circuit's denial of the petition for a writ of

---

**1.** As counsel for IBM stated in an allusion to the two previous motions to disqualify: "I know this is a road you and I have been down before." (Transcript, December 9, 1988, p. 13).

mandamus, this court now resolves the pending motion to dismiss.

## DISCUSSION

A letter to plaintiff and defendant dated October 6, 1988 from Judge O'Neil states "I think it appropriate for me to defer to the Southern District of New York if it chooses to entertain and decide this [declaratory judgment action] and any other questions that [plaintiff] may raise concerning the effect of the Decree. Thereafter, we will proceed with whatever remains of this action." (Complaint for Declaratory Judgment, Ex. 2). An Order entered on October 7, 1988 incorporates similar thought: "This Court wishes to defer to the United States Southern District of New York, with respect to issues concerning the interpretation and effect of the Consent Decree if that Court chooses to entertain AMI's action." (Complaint for Declaratory Judgment, Ex. 2). In staying all proceedings, Judge O'Neil further ordered "the Court expresses no opinion as to the merits of AMI's declaratory judgment action or whether the United States District Court for the Southern District of New York should entertain it."

Specifically, AMI seeks a declaration that various IBM practices violate certain provisions of the Consent Decree. In the motion to dismiss, IBM contends that this Court lacks jurisdiction to entertain and AMI lacks standing to bring a private action to enforce or seek a construction of the government Consent Decree and that this is not in any event, a proper case for declaratory relief. Thus, according to defendant, even if jurisdiction and standing were present, a declaratory judgment action is not appropriate here because such action would resolve neither the entire controversy nor any separable part of it.

If this Court did entertain the declaratory judgment action, regardless of the outcome, the parties would still have to return to Judge O'Neil to litigate the scope and content of relief in the original action in Pennsylvania. According to defendant, the Consent Decree is only one of nineteen defenses pleaded by AMI. A declaratory judgment in this Court would lead to piecemeal resolution of issues. Duplicative proceedings would neither conserve judicial resources nor expedite this matter. Moreover, the Eastern District of Pennsylvania is readily able to determine whether AMI has standing to enforce or seek a construction of the Decree as well as to interpret the decree. These reasons militate against the exercise of jurisdiction in this case. The Declaratory Judgment Act was not intended to be an instrument of "procedural fencing", either to secure delay or to select a forum. *Mailer v. Zolotow*, 380 F.Supp. 894, 897 (1974) (citing *American Automobile Insurance Co. v. Freundt*, 103 F.2d 613, 617 (7th Cir.1939)). This Court declines to exercise jurisdiction over this action because it is not an appropriate action for declaratory judgment. Accordingly, IBM's motion is granted and AMI's declaratory judgment action is dismissed.

## CONCLUSION

For the reasons stated above defendant's motion to dismiss the plaintiff's declaratory judgment action is granted.

SO ORDERED.