**PRUDENT PUBLISHING CO., INC., Plaintiff,**

v.

**MYRON MANUFACTURING CORPORATION, Defendant.**

**MYRON MANUFACTURING CORPORATION, Third–Party Plaintiff,**

v.

**CENTURY ENGRAVING, EMBOSSING CO., Third–Party Defendant.**

**No. 88 Civ. 8469 (RWS).**

United States District Court, S.D. New York.

Sept. 6, 1989.

Blum Kaplan, New York City, for plaintiff; Steven B. Pokotilow and Laura E. Goldbard, of counsel.

Colucci & Umans, New York City, for defendant; Kenneth R. Umans, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Prudent Publishing Co., Inc. ("Prudent") has moved pursuant to Rule 12(b)(6) of the Fed.R.Civ.P. to dismiss five counterclaims brought by defendant Myron Manufacturing Corporation ("Myron") or in the alternative for summary judgment pursuant to Rule 56(b) of the Fed.R.Civ.P. For the reasons set forth below, Prudent's motion is granted.

### The Parties

Plaintiff Prudent, a New Jersey corporation, is a manufacturer of personalized holiday greeting cards and other business products in the United States.

Defendant Myron is a manufacturer of business products, including diaries, calendars and holiday greeting cards, with its principal place of business in New Jersey.

Century Engraving, Embossing Co. ("Century"), an Illinois corporation, is a subsidiary of Williamhouse–Regency, Inc. ("Williamhouse") and a distributor of greeting cards with its principal place of business in New York.

### Prior Proceedings

Prudent filed the complaint in this action on November 30, 1988 and by order to show cause, a motion seeking a preliminary injunction and expedited discovery. A preliminary injunction on consent was signed by the court on December 15, 1988 and filed on December 20, 1988. Prudent filed an amended complaint on January 13, 1989. Myron filed its answer, a counterclaim and a cross-claim against Century on February 7, 1989, seeking a declaratory judgment of non-infringement, and damages in the amount of $2 million resulting from unfair competition, trade libel, trade disparagement, interference with prospective economic advantage, interference with contractual relations and antitrust violations.

Prudent filed the instant motion including an affidavit in support in which Prudent undertook a covenant not to sue Myron for copyright infringement on two of the four designs at issue in the original complaint. The motion was fully submitted on May 19, 1989. The facts set forth below are uncontested except as noted.

### The Facts

Prudent manufactures holiday greeting cards created by the in-house design staff or purchased from outside artists who assign all rights, title and interest in such designs to Prudent. A copyright notice is affixed to each of these holiday cards from the date of first publication. Each design is registered with the Copyright Office.

Prudent sells these cards through direct mail solicitation, including Prudent's catalog and actual holiday greeting cards, which are sent to potential and regular customers. Prudent also rents its mailing lists and exchanges its lists with other companies to increase its customer base. In the past, Prudent has exchanged its greeting card lists for Myron's diary lists with an express agreement that Myron cannot use Prudent's greeting card list for its own sale of greeting cards.

Myron has offered greeting cards for sale since 1985. Some of Myron's cards were originally created by or for Myron and some were purchased from third parties who claim to have originally created and designed said cards. Myron sells its products by mail order and publishes an annual brochure of the greeting cards available which is mailed to customers in July through October. Thus, the two com-

panies are in direct competition with each other in the greeting card business.

The standard process for creating the card designs, is to create a mechanical/art work for each design and then forward that work to an engraver to create a die which is then forwarded to the die cutter to be embossed. In 1975 Prudent created the Embossed Dove of Peace design (the "Dove"). That work is registered under Copyright Registration No. VA 6–709. In 1984 Walter Brooks created the Embossed Gold Pines design (the "Pines") and thereafter assigned all rights, title and interest in the copyright to Prudent. It was registered under Copyright Registration No. VA 166–480. Both designs have been considerably successful and are widely distributed. Prudent has sold over one million cards in each design.

In November of 1988, an employee of Prudent while at the plant of its die maker Freedman Die Cutters, Inc. ("Freedman") was given manufacturing dies, substantially identical to Prudent's Pines and Dove designs. After reviewing a squeeze proof and photocopy of the respective dies it was determined that Prudent had not ordered the dies and that they belonged to Myron. Prudent thereafter reviewed Myron's 1988 holiday greeting card catalog and discovered two other holiday greeting cards that were similar to copies of Prudent's Bringing Home the Tree (the "Tree"), and White Birches (the "White Birches").

As a result Prudent filed the complaint in this action alleging four counts of copyright infringement one for each of the alleged infringements of the Dove, Pines, Tree and White Birches cards. At a subsequent scheduling conference the parties agreed upon a preliminary injunction on consent enjoining Myron from manufacturing, offering for sale or selling any cards, materials or articles resembling the four designs as well as the designs of two other cards not mentioned in the complaint (Prudent's Cardinals and Silhouettes in Snow).

Two of the Myron cards, the Old Fashioned Christmas and Winter Landscape designs which Prudent alleges infringed the Tree and White Birches copyrights respec-

tively, have been in the Myron catalog for approximately five months prior to the events at issue. Winter Landscape carries a theme which is standard in the greeting card industry, and was manufactured and designed by Century who then sold it to Myron. Finally, the two cards alleged to infringe the Pines and Dove cards were never completed by Myron.

Because of Prudent's acts Myron abandoned plans for the relevant portions of their 1989 Christmas catalog, and returned and segregated cards instead of filling orders. Its relationship with Century was damaged.

On December 16, 1988, after the consent order had been signed, Prudent published a press release which set forth the facts alleged in the complaint and included statements from the relief set forth in the consent order. Myron alleges this publication irreparably damaged its reputation with the trade and consuming public.

Myron subsequently informed Prudent that it planned to join Williamhouse as a third party defendant in connection with the Tree claim. According to Prudent, Williamhouse, also a client of Blum Kaplan, Prudent's counsel, expressed concern over a potential conflict of interest. Thereafter Williamhouse made full disclosure of the facts to Prudent and Prudent amended its complaint omitting the Tree and Birches claims.

Prudent then prepared a stipulation stating that Prudent would delete those two claims with prejudice. Myron served its answer shortly thereafter containing seven counterclaims set forth in five counts and a cross claim against Williamhouse shortly thereafter. At a subsequent scheduling conference Myron suggested adding to the proposed stipulation a clause preserving defendant's rights to any actions it might have. The parties did not reach an agreement, and the stipulation was not executed. Thereafter, Prudent, in an affidavit attached to its motion to dismiss Myron's counterclaims, provided the court with a covenant not to sue Myron for the copyright infringement of the two claims omit-

ted from the amended complaint. The affidavit reads:

> Prudent "covenants and agrees, in perpetuity not to bring any litigation or make any claim against Myron for copyright infringement in regard to the two designs known as 'Old Fashioned Christmas' and 'Winter Landscape' based on the copyrights of Prudent subsisting in its Bringing Home the Tree greeting card design, ...and Prudent's White Birches design."

In its opposition to Prudent's motion to dismiss, Myron in effect has withdrawn its trade libel, and trade disparagement tortious interference with contractual relationship, and Sherman Antitrust Act violation counterclaims in light of Prudent's covenant not to sue.

*Standards Applicable to Summary Judgment Motions*

Summary judgment is authorized if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Corselli v. Coughlin*, 842 F.2d 23 (2d Cir. 1988). All ambiguities are resolved against the moving party, and all favorable inferences are drawn in favor of the party against whom summary judgment is sought. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

The Supreme Court recently has made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *see also Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987). Summary judgment is permissible only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

■ However, courts should not be reluctant to grant summary judgment in appropriate cases. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually insupportable claims," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), thereby permitting courts to avoid "protracted, expensive and harassing trials." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). Statements in affidavits not based on personal knowledge, *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir.1988), and arguments or statements by counsel unsupported by the record, *Beyah v. Coughlin*, 789 F.2d 986, 989–90 (2d Cir.1986), cannot raise a genuine issue of fact requiring a trial.

*The Declaratory Judgment Claim*

■ Claims for declaratory judgment must have some basis in an actual controversy. 28 U.S.C. § 2201 (1982 Supp. III 1985). In the absence of such a controversy the court lacks jurisdiction to grant such relief because 28 U.S.C. § 2201 does not create an independent basis for federal jurisdiction. *Berni v. Intern. Gourmet Restaurants of America*, 838 F.2d 642, 648 (2d Cir.1988); *Warner–Jenkinson Co. v. Allied Chemical Corp.*, 567 F.2d 184, 186 (2d Cir.1977). The Declaratory Judgment Act is frequently applied in patent, trademark

and copyright infringements actions by the party threatened by an infringement suit seeks a declaration that he is not infringing or as to the validity of the registration. *Walker Process Equipment Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965).

■ A defendant's declaratory action must be grounded on the defendant's reasonable apprehension that the plaintiff will claim infringement and that he will act affirmatively to enforce the protection which he claims. *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.*, 439 F.2d 871, 874 (1st Cir.1971). The fact that a party threatens another with an infringement suit is a basis for bringing an action for a declaratory judgment even though after it is commenced the infringement suit is withdrawn. *E.J. Brooks Co. v. Stoffel Seals Corp.*, 160 F.Supp. 581 (S.D.N.Y.1958), *rev'd on other grds*, 266 F.2d 841 (2d Cir. 1959). However, it is not enough that there may once have been a controversy at the time the suit was commenced if subsequent events have put an end to the controversy. *Mailer v. Zolotow*, 380 F.Supp. 894, 896–97 (S.D.N.Y.1974), *citing*, 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2757 at 766–67 (1973 ed.).

■ The only issue here is whether Prudent's covenant not to sue removes all reasonable fear of a subsequent infringement suit on the two claims relating to Myron's Old Fashioned Christmas and Winter Landscape cards. Prudent has already filed an unopposed amended complaint omitting these claims and has undertaken in an affidavit that it will not sue on these two claims. There is therefore no controversy and no federal jurisdiction to decide a declaratory judgment counterclaim directed to those two counts. Therefore, as to these two cards this counterclaim for declaratory relief is dismissed.

As to the remaining claims asserted in the amended complaint with respect to the Dove and Pines cards, Myron consented to preliminary injunctive relief but has denied use of the die which initiated the controversy. Myron has not presented any facts contesting Prudent's right to the Dove and

Pines dies. On the facts as presented the court on its own motion will grant summary judgment for Prudent on those claims and judgment will be entered granting an injunction similar to that already issued without costs. Because this relief is beyond that requested by either party, both Prudent and Myron are granted leave to vacate this relief within 20 days of the date of this order.

■ Myron has also sought damages as well as a declaratory judgment presumably under the Copyright Act. Section 505 of the Copyright Act provides an independent statutory basis pursuant to which the court "in its discretion may allow the recovery of the full costs by or against any party ... [including] a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. A prevailing defendant may recover attorney's fees when the plaintiff's claims are objectively without arguable merit. *Diamond v. Am–Law Pub. Corp.*, 745 F.2d 142, 148 (2d Cir.1984); *Mailer v. RKO Teleradio Pictures, Inc.*, 332 F.2d 747 (2d Cir.1964).

However, based on the discussion above, Myron has submitted no facts to show that Prudent's claims are without arguable merit and Prudent's summary judgment motion is granted dismissing Myron's counterclaim under the Copyright Act.

### The Unfair Competition Claim

Myron next alleges that Prudent's action constituted unfair competition. This circuit has stated that:

> unfair competition is now held to encompass a broader range of unfair practices which may be generally described as a misappropriation of the skill, expenditures, and labor of another.... "[O]ne cannot sell his product by misappropriating the good will of another through misleading the public into thinking that it is 'sponsored' by or derived from something else." ... Yet, liability in this area for misimpression or misappropriation has been limited. For example, one can capitalize on a market or fad created by another providing that it is not accomplished by confusing the public into mis-

takenly purchasing the product in the belief that the product is the product of the competitor.

*American Footwear Corp. v. General Footwear Co.*, 609 F.2d 655, 662 (2d Cir. 1979) (quoting *Ideal Toy Corp. v. Kenner Products Division of General Mills Fun Group, Inc.*, 443 F.Supp. 291, 305 (S.D.N.Y.1977) (citations omitted)), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980).

 However, failure to allege misappropriation of business or property is not grounds to dismiss an unfair competition claim where wrongful exclusion of a competitor from the market is alleged. *Airship Industries (U.K.) L.T.D. v. Goodyear Tire and Rubber Company*, 643 F.Supp. 754, 762 (S.D.N.Y.1986). A plaintiff who proves that the defendant has acted unfairly in some manner may prevail in an unfair competition case. *Renofab Process Corp. v. Renotex Corp.*, 158 N.Y.S.2d 70 (N.Y. Sup.Ct.1956). The concept of unfairness rests on the broader principle of protecting one's property rights of commercial value from any form of unfair invasion or infringement. *Id.*, at § 108. *Dior v. Milton*, 9 Misc.2d 425, 155 N.Y.S.2d 443, *aff'd*, 2 A.D.2d 878, 156 N.Y.S.2d 996 (1st Dep't 1956). However such a claim cannot be sustained upon a finding only that the defendant's action has been unfair. *Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir.1980). In addition an element of bad faith is required. *Id.; see also Davis & Co. Auto Parts, Inc. v. Allied Corp.*, 651 F.Supp. 198, 203 (S.D.N.Y.1986).

Myron alleges that Prudent's initiation of an action containing two unfounded claims, later withdrawn, caused damage to Myron's business and reputation. Under the principles outlined above, this allegation does not fall within the scope of misappropriation.[1]

 However, Myron alleges the bringing of meritless claims unfairly damaged Myron's reputation and business, that Prudent sought to gain unfairly because of the nature of the competition between the two companies, the timing in bringing these claims, all constituting bad faith. Finally, Myron alleges that Prudent's withdrawal of claims, without any further findings of fact, established its bad faith.

However, in the summary judgment context, the question is presented as to whether Myron has presented facts sufficient to make out an unfair competition claim based on the filing of meritless claims. Although the Second Circuit has not dealt with this issue yet, the Honorable Edward Weinfeld addressed it in an infringement case in which the plaintiff was denied copyright protection. *Gemveto Jewelry Co., Inc. v. Jeff Cooper Inc.*, 568 F.Supp. 319, 336 (S.D.N.Y.1983). In *Gemveto*, Judge Weinfeld held that allegations that a plaintiff threatened meritless lawsuits, where there is no proof that plaintiff knew the suit was meritless does not constitute unfair competition. *Id.* Here, although Myron alleges bad faith, it does not submit facts that Prudent knew the claim was without merit before it brought the lawsuit. In fact, Myron's consent to the preliminary injunction supports Prudent's contention that there was a question as to the merit of the action with respect to the withdrawn claims.

Moreover, as discussed above, Myron does not submit facts to contest Prudent's basis for bringing the lawsuit, Prudent's rights or the similarity of the Dove and Pines dies. Myron has not submitted any facts to establish that Prudent's claim in its entirety was meritless. Therefore summary judgment dismissing the unfair competition claim is appropriate.

---

1. Although misappropriation includes the publication of statements which unfairly harm the business of another, 60 N.Y.Jur. § 60, *Infringement and Other Unfair Practices* (1968), Prudent was within its rights in publishing the press release. The press release contained statements taken directly from the complaint and preliminary injunction on consent. Section 74 of the New York Civil Rights Law provides that the publication of a fair and true report of any judicial proceeding cannot be the basis of a civil action. N.Y.Civ.Rights Law § 74 (McKinney 1976).

**24**

*The Interference with Prospective Economic Advantage Claim*

██ Under New York law three elements are to be considered in determining the liability for tortious interference with prospective economic advantage: (1) whether the interference is intended to advance a competing interest, (2) whether the interference has caused an unlawful restraint of trade, and (3) whether the means employed were wrongful. *Guard–Life Corp. v. S. Parker Hardware Mfg. Corp.,* 50 N.Y.2d 183, 428 N.Y.S.2d 628, 632, 406 N.E.2d 445, 448 (1980).

Myron has adequately pleaded that Prudent's interference was to advance a competing interest. It alleges that Prudent interfered by filing a meritless lawsuit to damage the reputation and business of Myron with whom it is in direct competition in the greeting card business. Moreover, Myron has sufficiently alleged "wrongful means." This court dealt with an interference with prospective economic advantage claim in *Airship,* a trademark dilution case in which one party sought to enjoin the other from prosecuting actions against its customers who might be discouraged from doing business with the plaintiff for fear of being sued. *Id.* There, this court held that allegations that an action has been taken in bad faith is enough to satisfy this element of the cause of action despite the stringent standard set forth in the Restatement (Second) of Torts. *Id.* However, this case may be distinguished from *Airship* which does not involve a preliminary injunction on consent.

██ A preliminary injunction on consent does not constitute an unlawful restraint of trade. Although Myron alleges it agreed to the consent order because of unfair pressure during the Christmas season, it has not alleged in any way that the preliminary injunction order, is invalid. Therefore the allegations as to unlawful restraint of trade are insufficient to support that element of the claim. The third element therefore is not reached and this claim is dismissed.

*Rule 11 Sanctions*

Myron seeks sanctions under Rule 11, Fed.R.Civ.P. In order to impose Rule 11 sanctions against Prudent, the Second Circuit has stated:

> the district court must ... scrutinize the objective reasonableness of the attorney's prefiling inquiry and the basis for the claim developed by that inquiry. If the inquiry was objectively reasonable under the circumstances and disclosed a reasonable factual basis for the claim, then sanctions are not appropriate.

*Calloway v. Marvel Entertainment Group,* 854 F.2d 1452, 1470 (2d Cir.1988).

Because Myron has not contested Prudent's factual basis for bringing the claim and the facts presented show a reasonable factual basis for the claim Rule 11 sanctions are not warranted.

*Conclusions*

Judgment will be entered on notice within twenty (20) days of the order in the absence of any further motions directed to the relief granted herein.

It is so ordered.