**EMPLOYERS INSURANCE OF WAUSAU, A Mutual Company, Plaintiff,**

**v.**

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA and Prudential Property and Casualty Insurance Company, Defendants.**

**No. 91 Civ. 334 (RPP).**

United States District Court, S.D. New York.

May 6, 1991.

Siff, Rosen & Parker, New York City by David Pollack, Zelle & Larson, Minneapolis, Minn. by Dale I. Larson, Zelle & Larson, Waltham, Mass. by Wm. Gerald McElroy, Jr., for plaintiff.

LeBoeuf, Lamb, Leiby & MacRae, New York City by Lawrence W. Pollack, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action removed to this Court on January 14, 1991 from the Supreme Court of the State of New York for the County of New York pursuant to 28 U.S.C. § 1441(a). Plaintiff, a Wisconsin insurer, seeks a declaratory judgment. Defendants move to dismiss the complaint pursuant to Rule 12(b)[1] of the Federal Rules of Civil Procedure or, in the alternative, to stay this action pending the outcome of proceedings in the District of New Jersey or to transfer the action to New Jersey pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, defendants' motion is denied.

## BACKGROUND

The complaint, filed in state court on December 13, 1990, alleges that The Travelers Insurance Company, not a party to this action, issued primary liability policies totalling $1 million in coverage to defendant The Prudential Insurance Company of America ("Prudential"), a New Jersey corporation. Plaintiff Employers Insurance of Wausau ("Wausau"), a Wisconsin corporation, thereafter issued Prudential two umbrella liability insurance policies, with limits of $20 million in excess of the primary policies, covering the period July 1, 1982 to July 1, 1984. Katz Aff. ¶ 4. The umbrella policies named defendant Prudential Property and Casualty Insurance Company ("PRUPAC"), a subsidiary of Prudential, as an insured. Bohr Aff. ¶ 3.

In March 1986 William Eastman, a former Prudential employee, filed suit against Prudential and PRUPAC in Superior Court for the State of California in San Diego County alleging misappropriation of trade secrets, unjust enrichment and various other claims. Prudential, PRUPAC and/or Travelers assumed defense of the Eastman action.

Wausau was notified of the existence of the Eastman action on June 13, 1990. Bohr Aff. ¶ 5. On September 4, 1990 Wausau sent Prudential and PRUPAC a letter in which it reserved the right to deny coverage but took no position on the issue. Katz Aff., Exh. A. On November 21, 1990 Prudential advised Wausau that Prudential and PRUPAC were "prepared and fully intend to pursue all remedies available to

---

**1.** Defendants have failed to specify under which subdivision of Rule 12(b) their motion is made.

[them] to obtain coverage under the policies." *Id.*, Exh. B at 4.

On November 27, 1990 Wausau denied coverage on the grounds that Prudential and PRUPAC failed to establish that an "occurrence" took place within the period of coverage or that there was any "Personal Injury," "Property Damage" or "Advertising Injury" under the policies. Pollack Aff., Exh. A. On November 30, 1990 Prudential and PRUPAC responded with a letter stating they hoped to avoid litigation and stating Prudential's belief that Wausau's denial of coverage was not in good faith and exposed Wausau to liability. Pollack Aff., Exh. B at 7.

On December 12, 1990 Prudential sent Wausau a second letter stating that the Eastman action had been settled for $3 million on November 30, 1990. Prudential further noted that its attorneys' fees to date totalled approximately $1 million. Katz Aff., Exh. C.

On December 13, 1990 Wausau commenced this action in New York Supreme Court seeking a declaratory judgment that it is not obligated to indemnify Prudential or PRUPAC for the Eastman claim and that Prudential and PRUPAC breached their fiduciary and contractual duties by failing to provide timely notice to Wausau and are estopped from asserting any claim under the policies. Prudential and PRUPAC claim that they had intended to arrange a settlement meeting between the parties' presidents prior to filing their own complaint. Katz Aff. ¶ 22. Jon Bohr, a senior claims supervisor for Wausau, denies that any settlement negotiations were being conducted when Wausau filed this action. Bohr Aff. ¶ 13. On December 14, 1990, Prudential and PRUPAC filed a separate action against Wausau in United States District Court for the District of New Jersey for declaratory relief and alleging breach of contract and breach of the covenant of good faith and fair dealing.

Wausau argues that the parties' dispute should be litigated in a New York forum because the umbrella policies were negotiated through the New York City office of Prudential's broker, New Amsterdam Ex-

cess, Inc. ("New Amsterdam"), Ellebracht Aff. ¶ 4, because the policies were executed and delivered in New York, *id.* ¶ 9, because Prudential paid its premiums through New Amsterdam, which assisted in collection of late premiums from time to time, *id.* ¶ 10 & Exh. I, and because Wausau obtained information necessary for its audit of the Prudential policies from New Amsterdam in New York. *Id.* ¶ 12. Prudential does not dispute these allegations. Instead, it argues that Prudential is entitled to a New Jersey forum because the primary liability policies were negotiated, executed and delivered in New Jersey, because Prudential negotiated with Wausau over coverage of the Eastman claim in New Jersey and because most of the witnesses with knowledge of the umbrella policies and of the Eastman claim are located in New Jersey. Katz Aff. ¶¶ 5, 7 & 12.

## DISCUSSION

■ The long-standing rule in this circuit is that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances giving priority to the second." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989) (citations omitted).

The type of "special circumstances" which give priority to a later-filed action are illustrated by *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). In that case, Pro Arts received a cease and desist letter from Factors threatening suit and responded by filing a declaratory judgment action in Ohio. Five days later, Factors filed in New York. The New York court held that when a declaratory judgment action is triggered by receipt of a notice letter, this equitable consideration may be a factor in allowing the second-filed suit to proceed in the plaintiff's chosen forum. *Id.* at 219. The court cited Justice Brennan's statement in *Perez v. Ledesma*, 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 694 n. 12, 27 L.Ed.2d 701 (1971) (Brennan, J., dissenting), that "[t]he federal de-

claratory judgment is not a prize to the winner of a race to the courthouse."

The cases cited by Prudential in an effort to show that this action presents similar "special circumstances" are distinguishable. Unlike in the *Factors* case, Wausau had not received notice of suit prior to filing this action in state court. Prudential's November 30 letter, in which it stated that it "hoped to avoid litigation," was at best an attempt to initiate settlement negotiations and cannot reasonably be construed as a notice of suit. Nor can Prudential's prior letter of November 21, 1990, written before the Eastman action was settled, be deemed a notice of suit. It merely states that Prudential intended to pursue all available remedies to obtain coverage without explicitly mentioning a lawsuit, a tentative filing date or a forum. Communications deemed to constitute notice of suit generally contain at least one of those elements. Otherwise, subsequent litigation commenced by the recipient would not reasonably suggest there had been a race to the courthouse. *See, e.g., Gibbs & Hill, Inc. v. Harbert Int'l, Inc.,* 745 F.Supp. 993, 996 (S.D.N.Y.1990) (declaratory judgment action filed after receipt of formal notice of default containing deadline); *Great Am. Ins. Co. v. Houston Gen. Ins. Co.,* 735 F.Supp. 581 (S.D.N.Y.1990) (declaratory judgment action filed after receipt of notice of suit containing deadline) [2]; *Equipos Nucleares, S.A. v. Fairfield Energy Venture, L.P.,* No. 88 Civ. 7543, 1989 WL 6628 (S.D.N.Y. Jan. 23, 1989) (suit filed one day after plaintiff was notified of defendant's imminent filing of interpleader action in Maine); *Philipp Bros., Inc. v. Schoen,* 661 F.Supp. 39, 43 (S.D.N.Y.1987) (suit filed "immediately after [plaintiff] was informed of defendant's intention to bring the California

action"); *Columbia Pictures Indus., Inc. v. Schneider,* 435 F.Supp. 742, 747 (S.D.N.Y.1977) (declaratory judgment action filed after plaintiff received defendant's own draft complaint), *aff'd,* 573 F.2d 1288 (2d Cir.1978).

Another type of "special circumstances" negating the first-to-file rule involves parties engaged in settlement negotiations. In *Don King Prod., Inc. v. Douglas,* 735 F.Supp. 522 (S.D.N.Y.1990), the court found special circumstances favoring the second-filed action where plaintiff, who had promised its adversary an answer to a settlement offer, filed suit instead. On this record, however, the Court cannot conclude that the parties were in the midst of settlement negotiations when this action was commenced. After Wausau denied coverage, minimal correspondence was exchanged and no meetings were scheduled. Prudential cannot rely on the fact that it intended to arrange a meeting between the presidents of both companies where it took no steps to do so.

In sum, Prudential has made no showing of "special circumstances" which would warrant a departure from the first-to-file rule. *See First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d at 79.[3] Accordingly, Prudential's motion to dismiss is denied.

 The factors governing transfer under 28 U.S.C. § 1404(a) lead to a conclusion that this action properly lies in this district. The burden is on the moving party to establish that there should be a change of forum. *See Factors Etc.,* 579 F.2d at 218. Prudential urges the Court to transfer this action to New Jersey because defendants' operations and records are located there. Prudential ignores the re-

---

**2.** Additionally, at the time Great American filed suit, Houston General was under court order restraining it from filing any action against Great American.

**3.** Prudential also argues that this action should be dismissed in favor of the New Jersey action because the New Jersey action is "far broader in scope" and will more fully resolve the issues between the parties. Memorandum in Support of Defendant's Motion to Dismiss or Stay (hereinafter "Def.Mem. in Supp.") at 6. Prudential

cites *Allen–Myland, Inc. v. International Business Mach. Corp.,* 714 F.Supp. 707, 709 (S.D.N.Y. 1989), holding that "a declaratory judgment action is not appropriate here because such action would resolve neither the entire controversy nor any separable part of it." This argument is unavailing. No answer having been filed in this action, Prudential is free to assert its claims for breach of contract and breach of the covenant of good faith and fair dealing as counterclaims.

**50**

maining factors under § 1404(a) which include:

the place where the operative facts occurred; the convenience of the parties; the convenience of the witnesses; the relative ease of access to the sources of proof and the availability of process to compel attendance of unwilling witnesses; the plaintiff's choice of forum; a forum's familiarity with governing law; trial efficiency; and the interests of justice.

*Don King Prod.*, 735 F.Supp. at 533. The Court is persuaded, on the grounds that the umbrella policies were negotiated and paid in New York through a New York broker, that Prudential has failed to meet its burden of showing that transfer is clearly warranted. Accordingly, Prudential's motion to transfer or stay this action is denied.

All counsel are to attend a pretrial conference on Thursday, May 16, 1991 at 9:00 a.m. in courtroom 302.

IT IS SO ORDERED.