**FEDERAL INSURANCE COMPANY, Plaintiff,**

v.

**The MAY DEPARTMENT STORES COMPANY, Defendant.**

**No. 92 Civ. 3389 (LMM).**

United States District Court, S.D. New York.

Dec. 9, 1992.

William R. Mait, of Mait, Wang & Simmons, New York City, for plaintiff, Federal Ins. Co.

Steven Skulnik, of Pavia & Harcourt, New York City, and David Israel, McGlinchey, Stafford, Cellini & Lang, New Orleans, LA, for defendant, The May Dept. Stores Co.

## MEMORANDUM AND ORDER

McKENNA, District Judge.

By this Order, the Court decides a motion by defendant The May Department Stores Company ("Defendant" or "May") to dismiss plaintiff Federal Insurance Company's ("Plaintiff" or "Federal") declaratory judgment action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes Defendant's motion. For the reasons that appear below, Defendant's motion is granted.

### Background

In February 1990, Plaintiff[1] issued to Defendant a Crime Insurance Policy, number 8085 69 85 H (the "Policy"). (Compl. ¶ 5.) "Included among the Insureds [under the Policy] was Lord & Taylor ... a division of the defendant." (Compl. ¶ 6.) Lord & Taylor was acquired by May in October 1986; previously Lord & Taylor had been a division of Associated Dry Goods Corporation. (*Id.*)

"On or about May 1, 1991, defendant submitted a proof of loss with documentation allegedly in support thereof, which was supplemented on or about November 14, 1991 and on or about February 10, 1992 making claim under the Policy." (Compl. ¶ 7.) May claims to have sustained losses of approximately $12 million due to a direct loss caused by theft by an employee, James Ricci ("Ricci"). May contends that Ricci accepted bribes from certain of Lord & Taylor's vendors and by reason of allegedly having accepted such bribes continued to do business with those vendors instead of requiring

---

1. Federal is an Indiana corporation with its principal place of business located in the State of New Jersey. (Compl. ¶ 1.) May is a New York corporation with its principal place of business located in the State of Missouri. (Compl. ¶ 2.)

competitive bidding from vendors which would have resulted, according to defendant, in lower prices for the bags, boxes, and envelopes purchased by L & T during the period 1973 to approximately 1989 while Ricci was employed in L & T's purchasing department.

(Compl. ¶ 8.) Ricci's employment with Lord & Taylor allegedly ceased in early 1989.

"By letter dated April 20, 1992, May advised Federal that May planned to file suit by May 15, 1992 if Federal did not pay the claim." (Def's. Mem. at 1.) "By letter dated May 8, 1992, Federal declined May's claim." (Mait Aff. ¶ 3.) Federal, then, commenced this declaratory judgment action on May 11, 1992.

*Discussion*

■ Rule 12(b)(6) of the Federal Rules of Civil Procedure entitles a defendant to a judgment of dismissal where a complaint fails to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is heavily weighted in favor of a plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complainant's allegations. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972). "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." *Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991). A defendant is entitled to dismissal pursuant to Rule 12(b)(6) only when the Court finds that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ The Declaratory Judgment Act provides that a court of the United States "may" declare the rights and other legal relations of any interested party seeking such a declaration. 28 U.S.C. § 2201(a) (1988). In *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494, 62 S.Ct.

1173, 1175, 86 L.Ed. 1620 (1942) (citation omitted), the Supreme Court stated that "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgment Act, it was under no compulsion to exercise that jurisdiction." *See also Great American Insurance Co. v. Houston General Insurance Co.*, 735 F.Supp. 581, 584 (S.D.N.Y.1990). In that case, the Court noted that:

> Where the law provides district courts with discretionary powers, the district courts should exercise that statutory authority with the same care and concern as they apply the principles of equity. The Court, thus, must look at more than just the mechanical application of the declaratory judgment standard. The Court must look at the litigation situation as a whole in determining whether it is appropriate for the Court to exercise its jurisdiction over the declaratory judgment action before it.

*Id.* at 585 (citation omitted). Considering the litigation situation as a whole, in light of the principles of equity, the Court concludes that it should not exercise its discretion to entertain Plaintiff's action for a declaratory judgment. Accordingly, the Complaint is dismissed.

"Declaratory judgment relief was intended to avoid precisely the accrual of avoidable damages to one not certain of his rights." *Continental Casualty Co. v. Coastal Savings Bank*, 977 F.2d 734, 738 (2d Cir.1992) (citation omitted). "Essentially, a declaratory relief action brings an issue before the court that otherwise might need to await a coercive action brought by the declaratory relief defendant." *United States v. Doherty*, 786 F.2d 491, 498 (2d Cir.1986) (quoting *Mobil Oil Corp. v. Long Beach*, 772 F.2d 534, 539 (9th Cir.1985)).

The Second Circuit has also held that when a "declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiffs' chosen forum." *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59

L.Ed.2d 455 (1979); *see also Sturge v. Diversified Transport Corp.*, 772 F.Supp. 183, 188 (S.D.N.Y.1991) (declaratory judgment, in case triggered by letter sent to underwriters notifying them of intention to file suit, would not clarify and settle legal relations between parties and would not terminate controversy). "The federal declaratory judgment is not a prize to the winner of a race to the courthouses." *Perez v. Ledesma*, 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 694 n. 12, 27 L.Ed.2d 701 (1971) (Brennan, J. dissenting). The Second Circuit seeks "to avoid acting as umpire on 'race to the courthouse' disputes, stating merely that 'apparent anticipation of litigation' is an 'equitable consideration' and 'may be a factor' in allowing a later filed action to proceed." *Viacom International, Inc. v. Melvin Simon Productions, Inc.*, 774 F.Supp. 858, 867 (S.D.N.Y.1991) (citation omitted). The parties do not dispute that May threatened litigation if Federal did not honor its claim under the Policy.

▇ While not directly relevant to the procedural posture of the instant case, both parties raise the "first filed" rule. The first filed rule provides that " 'where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action' ... unless 'there are special circumstances which justify giving priority to the second.' " *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991) (citations omitted). The first filed rule should not be applied mechanically. *Sequa Capital Corp. v. Miller & Miller Auctioneers, Inc.*, No 92–3761, 1992 WL 204372, at *3, 1992 U.S.Dist. LEXIS 12281, at *8 (S.D.N.Y. Aug. 11, 1992). Of the special circumstances warranting exception to the first filed rule, "one such circumstance occurs when a party files suit seeking a declaratory judgment immediately after receiving notice of planned suit from the other party." *Cooperative Centrale Raiffeisen–*

*Boerenleen Bank v. Northwestern National Insurance Co*, 778 F.Supp. 1274, 1278 (S.D.N.Y.1991). Departure from the first filed rule is warranted only after careful consideration of the particular circumstances of a given case taken as a whole.

On or about April 20, 1992, May wrote to Federal informing it that if it did not satisfy May's claim under the Policy by May 15, 1992, May planned to sue on the Policy. On or about May 11, 1992, this action was filed. Federal's conduct leads to the inference that its commencement of the action in this District is forum shopping. As stated in *Great American Insurance:*

> The Declaratory Judgment Act was not designed to countenance such procedural manipulation of forums and actions. In fact, the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action.

735 F.Supp. at 586 (citations omitted). Further, in a declaratory judgment action, which is the first filed action, a notice letter "is a factor weighing in favor of permitting the second action to take priority." *Sharimalia Food Corp. v. Monarch Wine Co.*, No. 91–6691, 1992 WL 58308, at *3, 1992 U.S.Dist. LEXIS 3175, at *8 (S.D.N.Y. Mar. 16, 1992).

The Court notes, as an aside, that the action necessarily requires that the Policy itself be construed. The meaning of the Policy is at the heart of this case. Further, since resolution of the dispute will involve a construction of the Policy, it is significant to note that, absent a forum selection clause,[2] that construction will likely be undertaken under the laws of the State of Missouri.[3] That interpretation is a factor—although not in itself a dispositive factor—weighing in favor of dismissing the Complaint.

As another reason for allowing the dispute to proceed in New York, Plaintiff urges that the presence in this District of

---

**2.** The Court is unaware of the presence of such a clause in the Policy.

**3.** "Missouri [is] where the policy was issued and where premiums were paid." (Pl.'s Mem. at 18.)

numerous witnesses weighs in favor of the Court retaining jurisdiction. That assertion is not as persuasive as it seems. While several potential witnesses appear to be located in the New York area, others are located outside of the region. (Mait Aff. ¶¶ 7–9.) To the extent that it may become necessary to take depositions of witnesses who cannot, because of distance, be subpoenaed to appear at trial, their depositions may nevertheless be taken, wherever they may be located.

That there will be some inconvenience to Plaintiff in litigating in a state other than New Jersey, its principal place of business, is not in question. There would, of course, be equal inconvenience to Defendant in the present case if the dispute were to be litigated in New York, and its inconvenience must be considered as well.

Lastly, Plaintiff vigorously argues that May's failure to commence an action in some other jurisdiction precludes disposition of its motion in its favor. This argument is without merit. By bringing an anticipatory declaratory judgment action, Federal initially deprived May of its choice of forum. It was appropriate in the circumstances for May to await disposition of the present motion before commencing another action in a different forum.

*Summary*

For the foregoing reasons, Defendant's motion to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is granted. Plaintiff's request for costs, including attorney's fees, is denied.

SO ORDERED.