CLARK CONSTRUCTION GROUP, LLC, successor by merger of the Clark Construction Group, Inc., and Hellmuth, Obata & Kassabaum, Inc., Plaintiffs,

v.

TRAVELERS EXCESS & SURPLUS LINES COMPANY, as subrogee of the Greater Orlando Aviation Authority, Defendant.

No. 6:06 CV 1592 ORL 28.

United States District Court, M.D. Florida, Orlando Division.

Dec. 20, 2006.

David Robinson Repass, Law Office of Paul M. Harden, Jacksonville, FL, Timothy D. Woodward, Forizs & Dogali, PL, Tampa, FL, Glenn C. Kennett, Michael Evan Jaffe, Thelen Reid Brown Raysman & Steiner LLP, Washington, DC, for Plaintiffs.

George Alan Stagmeier, Jr., Richards H. Ford, Stephen D. Houser, Wicker, Smith, O'Hara, McCoy, Graham & Ford, PA, Orlando, FL, for Defendant.

## ORDER

ANTOON, District Judge.

Plaintiffs, The Clark Construction Group, LLC ("Clark") and Hellmuth, Obata & Kassabaum, Inc. ("HOK"), have filed a Complaint for Declaratory Judgment (Doc. 1) pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiffs seek a declaration that Defendant Travelers Excess & Surplus Lines Company

("Travelers") is estopped from recovering from Plaintiffs amounts that Travelers has paid to its insured, the Greater Orlando Aviation Authority ("GOAA").

This cause is currently before the Court on Defendant's Rule 12(b)(7) Motion to Dismiss (Doc. 15), in response to which Plaintiffs have filed a Joint Brief in Opposition (Doc. 19).[1] Having considered the parties' submissions, the Court concludes that it shall decline to entertain this suit for declaratory relief and that this case shall be dismissed.

## I. Background [2]

In 1998, HOK contracted with GOAA to perform architectural work on a construction project at the Orlando International Airport. (Am. Compl., Doc. 20 ¶ 7). In 1999, Clark agreed to serve as general contractor on the project. (*Id.* ¶ 8). The project was completed in 2003. (*Id.* ¶ 10). In August and September 2004, Hurricanes Charley and Jeanne caused damage to the completed project. (*Id.* ¶ 12). Travelers had issued a property insurance policy to GOAA, and it made payments to GOAA for claims arising from the hurricane damage. (*Id.* ¶¶ 12–13).

"In letters dated September 15, 2006, Travelers, by its counsel, made demand on Clark and HOK for reimbursement of the amounts that Travelers claims that it paid to GOAA ...." (*Id.* ¶ 15). "Travelers stated [in the letters] that absent a speedy resolution it would institute suit against Clark and HOK. More specifically, Travelers advised Clark and HOK that it intends

to pursue, as subrogee of GOAA, its claims against Clark and HOK ...." (*Id.*).

Plaintiffs filed their initial complaint seeking declaratory relief in this Court on October 13, 2006. (Doc. 1). On November 13, 2006, Travelers filed its motion to dismiss (Doc. 15). Travelers contends that this action should be dismissed for failure to join indispensable parties and because Plaintiffs have engaged in "procedural fencing" by filing the instant suit before Travelers filed its own suit in state court. Travelers points out in its motion that it had submitted to Plaintiffs, along with the September 15th demand letter, a copy of a complaint that it intended to file in state court if the matter was not resolved. (*See* Doc. 15 at 4 & Ex. A–2 to Doc. 15).

## II. Discussion

■ Plaintiffs seek declaratory relief pursuant to the Declaratory Judgment Act, which provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). It is well-settled "that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Sev-*

---

1. After Defendant filed its motion to dismiss, Plaintiffs filed an Amended Complaint (Doc. 20). However, as noted in Plaintiffs' opposition memorandum, the minor amendment that Plaintiffs made to the complaint "does not affect the substantive issues" raised in the motion to dismiss. (Pls.' Opp'n Mem. at 1 n. 1). Plaintiffs "respectfully ask the Court to proceed with the disposition of the issues

based on the current filings" (*id.*), and Defendant has not objected to this request. Thus, the Court shall proceed with disposition of the motion to dismiss.

2. The facts in the Background section are taken from the allegations in the Amended Complaint (Doc. 20).

*en Falls Co.,* 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," and the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 286–87, 115 S.Ct. 2137 (internal quotations omitted). "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Id.* at 288, 115 S.Ct. 2137.

Last year, the Eleventh Circuit Court of Appeals set forth factors for district courts to consider in determining whether to entertain or to dismiss a declaratory judgment action. In *Ameritas Variable Life Insurance Co. v. Roach,* 411 F.3d 1328 (11th Cir.2005), the court listed what it referred to as "guideposts" for making such a determination:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between

our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* at 1331. The *Ameritas* court emphasized that this "list is neither absolute nor is any one factor controlling; these are merely guideposts." *Id.*

■■■ Application of these factors favors dismissal of this declaratory judgment action. There is no federal issue involved in this case, and the parties dispute whether all necessary parties can be brought before the Court and whether complete relief can be achieved. Moreover, Plaintiffs themselves suggest that underlying factual issues may need to be resolved. (*See* Doc. 19 at 11 (expressing doubt as to availability of declaratory relief in state court because "the Florida declaratory judgment statute may not be used in situations where resolution of the case rquires trial of disputed issues of fact")). And, significantly, Plaintiffs do not dispute that shortly before they initiated this action Travelers had served them with a demand letter with a proposed state court complaint attached thereto. Additionally, Travelers asserts that the state court action would not be removable due to the presence of necessary, non-diverse parties. Thus, it appears that the filing of this suit has been an attempt to deprive Travelers of its choice of forum, and Plaintiffs essentially

seek a ruling on the validity of defenses to Travelers's state court suit.

█ Plaintiffs correctly note that "[t]here is no *mandatory* rule requiring the dismissal of a declaratory judgment action if a court finds that the action was filed in apparent anticipation of another proceeding." (Doc. 19 at 3) (emphasis added). However, Plaintiffs do not contest that dismissal—while not "mandatory"—may be appropriate in cases where such anticipatory filing is made. Dismissal is appropriate here. *See Sunrise Senior Living, Inc. v. APB, Inc.*, No. 06–80674–CIV, 2006 WL 2852853, at *3 (S.D.Fla. Oct.3, 2006) ("Given the imminent threat of litigation under which this suit was filed, this court thus concludes that Sunrise misused the declaratory judgment act to attempt a 'backdoor removal,' and, although the court is not required to dismiss this action strictly because it was filed in apparent anticipation of another court proceeding, it finds the weight of all *Ameritas* factors, on balance, tip[s] overwhelmingly in favor of dismissal.") (citation omitted); *see also BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir.1995) ("[W]here a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue.").

Courts have repeatedly discouraged such forum-racing. *See, e.g., Fed. Ins. Co. v. May Dep't Stores Co.*, 808 F.Supp. 347, 351 (S.D.N.Y.1992) (declining to entertain declaratory judgment action, noting that "[b]y bringing an anticipatory declaratory judgment action, [the plaintiff] initially deprived [the defendant] of its choice of forum" and "[it] was appropriate in the circumstances for [the defendant] to await disposition of the [motion to dismiss] before commencing another action in a different forum"); *State Farm Fire & Cas.*

*Co. v. Taylor*, 118 F.R.D. 426, 430 (M.D.N.C.1988) ("A district court may properly consider the inequity of permitting a declaratory plaintiff to gain precedence in time and forum by filing a declaratory action which is *merely anticipatory* of a parallel state action. The courts properly decline relief if the declaratory judgment procedure, and the federal forum, is being used [in a 'race for res judicata' or for procedural fencing']. The Act is not intended to encourage a race to the courthouse.") (citations and internal quotation omitted) (alterations in original). This case shall be dismissed.

### III. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** that the motion to dismiss (Doc. 15) is **GRANTED** and this action is hereby **DISMISSED** pursuant to this Court's discretion to decline to entertain actions arising under the Declaratory Judgment Act. All other pending motions are **DENIED as moot**. The Clerk shall close this file.